United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 06-20880
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES GEORGE,

Defendant - Appellant.

———————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:05-CV-346-ALL

———————————————————————————————

Before REAVLEY, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

James George ("George") appeals his conviction, arguing that (1) the district court erred in giving a "deliberate ignorance" instruction; (2) the evidence was insufficient to sustain his conviction; and (3) the conviction must be reversed because of the prosecutor's closing argument. We affirm for the following reasons:

1. The district court did not abuse its discretion in giving a deliberate ignorance instruction. Such an instruction is proper when the defendant claims a lack of knowledge and the

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence at trial raises two inferences: "(1) the defendant was subjectively aware of a high probability of the existence of the illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct." *United States v. Mendoza-Medina*, 346 F.3d 121, 132–33 (5th Cir. 2003). Furthermore, "where the likelihood of criminal wrongdoing is so high, and the circumstances surrounding a defendant's activities are extremely suspicious, a failure to conduct further inquiry justifies an inference of deliberate indifference." *United States v. Freeman*, 434 F.3d 369, 378 (5th Cir. 2005). When determining whether the evidence supports the charge, the evidence and all inferences that may be drawn from it are viewed in the light most favorable to the government. *Id.*

In this case, first, George was a licensed pharmacist. He knew of the existence of counterfeit drugs in the marketplace, and he knew that the prices he was paying for the Viagra and Cialis were far below the market rate. Second, despite the suspicious circumstances, George did not seriously inquire into the legitimacy of the drugs; he testified only that he once asked the seller if she was a distributor, and she responded affirmatively. Because George, as a pharmacist, knew that the circumstances surrounding his purchase was highly suspicious but failed to investigate the origin of the drugs, there is sufficient evidence to support an inference that George purposely contrived to avoid learning of the illegal conduct.

2. George was convicted on two counts of trafficking in counterfeit goods under 18 U.S.C. § 2320(a); two counts of causing the introduction of misbranded or adulterated drugs into interstate commerce with the intent to defraud or mislead, under 21 U.S.C. §§ 331(a) & 333(a)(2); two counts of causing the counterfeiting of trademarks in order to defraud or mislead, pursuant to 21 U.S. C. §§ 331(i) & 333(a)(2); and one count of conspiring to violate the above

2

statutes.  Because each count alleges that either George acted with intention to defraud or mislead or that George intended to traffic in goods while knowingly using a counterfeit mark, the government must prove that George knew that the drugs were counterfeit.  *See United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002) (stating elements necessary for a violation of 18 U.S.C. § 2320(a)); 21 U.S.C. § 333(a)(2).  George contends that the evidence is not sufficient to show that he knew the drugs were counterfeit.  We disagree.

George knew that the drugs he ordered were extremely inexpensive, and that counterfeit drugs were available in the marketplace.  He knew that the shipment of drugs was falsely labeled.  He admitted that he needed to test these drugs to ensure their authenticity and conceded that he had never tested other drugs he had purchased for sale.  Furthermore, George made inconsistent statements, testifying at trial that he intended to test the drugs and then send them to Nigeria, but telling the pharmaceutical board that the drugs were supposed to be sent straight to Nigeria, avoiding the United States.  When viewed "in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict," this evidence is sufficient to support a finding that George knew or was deliberately ignorant of the fact that the drugs were counterfeit.  *United States v. Yi*, 460 F.3d 623, 629 (5th Cir. 2006) (citation omitted).

3.  Finally, George argues that the prosecutor's statements at closing require reversal.  Because George did not object to the statements at trial, he is entitled to relief only if he establishes plain error by demonstrating "that the error is clear or obvious and that the comments, taken as a whole in the context of the entire case, substantially prejudiced [his] rights."  *United States v. Harms*, 442 F.3d 367, 378 (5th Cir. 2006) (internal quotations and citation omitted).

3

George argues that the prosecutor's statement that George "came into court to gain his freedom" improperly suggested that George was deceitful because he chose to protest his guilt. We find that there was no such suggestion.

George also contends that the prosecutor improperly appealed to the jury to convict George in order to prevent him from committing the same crimes and harming the public. However, we have held that "a prosecutor may appeal to the jury to act as the conscience of the community, so long as the comments are not calculated to inflame." *United States v. Duffaut*, 314 F.3d 203, 211 (5th Cir. 2002) (internal quotations and citation omitted). The prosecutor's comments in this case, stating that George wanted to "probe the internet again and order prescription drugs from whatever country and dispense those drugs . . . ." and requesting that the jury prevent George from "putting the public's safety at risk," were not particularly inflammatory. *See United States v. Fields*, 72 F.3d 1200, 1207 (5th Cir. 1996) (upholding argument as proper when prosecutor stated, among other things: "It's a neighborhood problem. If we take the neighborhoods back by putting these people in jail, we can eventually work our way to solving this problem. But it's got to start right here."). Furthermore, even if the prosecutor's remarks were improper, George has not shown that they substantially prejudiced his rights in the context of the case against him.

AFFIRMED.